UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGULO RAMIREZ,<br><br>                              Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC. and ALMA ALVARADO,<br><br>                            Defendants. | Case No.: 3:17-CV-2341 CAB MDD<br><br>**ORDER GRANTING MOTION TO REMAND** |

    Plaintiff claims that he was injured by a forklift being operated negligently by a Home Depot employee in the parking lot of Home Depot store located in Encinitas, California. He initially filed this lawsuit in San Diego County Superior Court, naming only Home Depot as a defendant. Before serving Home Depot, Plaintiff amended his complaint to add defendant Alma Alvarado, whom he believes was a Home Depot manager responsible for the supervision and training of the forklift driver.

    After being served with the state court complaint, Home Depot timely filed a notice of removal, arguing that this Court has diversity jurisdiction because Plaintiff and Home Depot are diverse, and that Alvarado is a "sham defendant" whose citizenship should be disregarded because Home Depot's records do not show anyone named Alma Alvarado

who worked at the Encinitas store on the date of the incident. Plaintiff now moves to remand, arguing that Alvarado is not a sham defendant.

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (internal quotation marks omitted). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Here, Home Depot's argument and evidence that Alvarado did not work for Home Depot on the date of the incident does not satisfy its heavy burden. The Court is not convinced that there is no possibility that Alvarado was a Home Depot manager or that Plaintiff will be able to establish a cause of action in state court against Alvarado if she was in fact a manager at Home Depot on the date of the incident. *See Revay*, 2015 WL 1285287 (rejecting Home Depot's argument that manager of store where injury occurred was a sham defendant). Moreover, even if Plaintiff mis-identified the store manager, it is likely that he would be able to amend the complaint to add the actual manager, not to mention the fork-lift driver, as defendants, both of whom would likely defeat diversity. Accordingly, considering that removal jurisdiction is strictly construed in favor of remand, Home Depot has not met its burden of demonstrating that Alvarado is a sham defendant.

*See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Because Alvarado is not diverse from Plaintiff, Plaintiff's motion to remand is **GRANTED**, and this case is **REMANDED** to San Diego County Superior Court. Because Home Depot's arguments for removal were not objectively unreasonable, the Court declines to award fees to Plaintiff. The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated: February 26, 2018

Hon. Cathy Ann Bencivengo
United States District Judge